Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2009 SEP 25 PM 1: 16

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| Attorney General of Guam, | CIVIL CASE NO. CV0166-03 |
| Plaintiff, | |
| v. | **DECISION AND ORDER** |
| Carl T.C. Gutierrez; Davina M. Lujan; Robert H. Kono; Phillip J. Tydingco; Brooks Lynch Tydingco & Quan, LLP: Vivien Baytoyan-Sagisi; and Does A-M, | **re: Motion for Reconsideration** |
| Defendant. | |

This matter is before Judge *Pro Tempore* Richard H. Benson. Plaintiff is represented by Assistant Attorneys General Benjamin M. Abrams and Robert M. Weinberg. Defendant Davina Lujan was represented by Attorney Peter C. Perez. Defendant Gutierrez was represented by Attorney F. Randall Cunliffe. The other Defendants were dismissed in pretrial proceedings. Having reviewed the motions and memoranda filed herein the court now issues the following decision denying Defendants' joint motion.

### BACKGROUND

This matter came before Judge *Pro Tempore* Richard H. Benson for trial on April 22 through April 30, 2009. Subsequent to the trial, the court on June 4, 2009 issued its Findings of Fact and Conclusions of Law. In its findings the court ordered Plaintiff to prepare a judgment which the Defendants were to approve as to form within 14 days from the entry of the court's findings. Because the parties were unable to submit a final judgment within the time period, the court entered a Final Judgment in the matter. In its judgment entered June 23, 2009, the court ordered:

1. That Defendant Carl T.C. Gutierrez pay the Government of Guam $300,000.00;

2. That Defendant Davina M. Lujan pay the Government of Guam $100,000.00;

3. That of the amounts in paragraphs 1 and 2, Defendant Carl T.C. Gutierrez and Davina M. Lujan be jointly and severally liable for $100,000.00 of the total $300,000.00 judgment;

4. That Plaintiff is entitled to costs;

5. That post judgment interest, at the statutory rate, accrue on this judgment as of the date of this judgment.

## DISCUSSION

On June 26, 2009 Defendants Carl T.C. Gutierrez and Davina M. Lujan filed a joint motion and memorandum that requests that the court reconsider its June 4, 2009 Findings of Fact and Conclusions of Law. *Mem.* at 1. In the alternative, Defendants request that the court grant them a new trial. *Id.* In support of these requests Defendants first argue that in its conclusions of law the court erroneously extended Guam's laws of sovereign immunity to the Guam Memorial Hospital Authority (hereafter GMH). *Id.* at 2. In support of this argument Defendants cite to the Guam Supreme Court's 1998 decision in *Island Equipment* and Section 80104(g) of Title 10 (sic) of the Guam code. *Id.*; *GEDA v. Island Equipment*, 1998 Guam 7 (Sup. Ct. Guam 1998). Defendants reason that because Section 80104(g) allows GMH to sue and be sued, GMH's sovereign immunity was waived. *Id.*

Second, Defendants argue that in section II of its June 4, 2009 conclusions, the court made findings which were outside of the scope of the allegations raised by the Plaintiff in the complaint. *Id.* Specifically the Defendants argue that, "[w]hile the court used the language without proper authority, illegally or contrary to law," the Plaintiff asserted, "that the payments were made wholly without legal authorization." *Id.* The Defendants reason that

because whether the Defendants' actions were illegal or contrary to law was never pled, they did not have to defend against those claims. *Id.*

Third, Defendants explain that as the Governor of Guam, Defendant Gutierrez's Organic authority to operate public health services was superior to any law enacted by the Guam Legislature. *Id.* at 3.

Defendants' fourth argument is that because Dr. Batoyan's claims may arise under federal law, the Plaintiff has no authority to require compliance with Guam's government claims act. *Id.* In support of this argument Defendants argue that the Eleventh Amendment's sovereign immunity does not extend to the Territory of Guam, and that "without constitutional sovereign immunity, as provided by the Eleventh Amendment to the States, Guam can be sued in federal court . . . despite its local provisions to the contrary." *Id.* at 3-5. In support of this argument Defendants cite to the District Court of Guam's 1961 and 1996 decisions in *Hanjin Engineering* and *Yarborough. Id.* at 4.; *3H & Assoc. Inc. v. Hanjin Engineering & Constr. Co., Ltd.*, Case No. 96-00066 (D. Guam June 18, 1998); *Yarborough v. Sea-Land Services, Inc.*, Case No. 94-00073 (D. Guam Fev. 22, 1996).

Defendants' last argument asserts that the court's alternative findings in footnotes 7 and 9 of its Conclusions of Law were in error.[1] *Id.* at 5-6. In support of this argument Defendants assert that whether GMH's activities fall outside the scope of Sections 7102 and 7103 of Title 5 of the Guam Code, is a jurisdictional argument, and it cannot be waived. *Id.* Defendant also contest the court's finding that they failed to raise this issue at trial. *Id.*

On July 2, 2009 Plaintiff filed a memorandum in opposition to Defendants' joint

---

[1] In footnote 7 the court found that whether GMH's activities fall outside the scope of section 7102 and 7103 was not raised by the Defendants. In footnote 9 the court also found that the source of the funds expended in paying Dr. Batoyan, whether from GMH generated or from the government's general funds, was not raised at trial.

request. *Opp.* at 1. In its memorandum, Plaintiff first argues that the Guam District Court's 1998 findings in *Island Equipment*, do not apply to GMH. *Id.* at 3; *Island Equipment*, 1998 Guam 7. In support of this argument, citing to Section 80103 of Title 10 of the Guam Code, Plaintiffs assert that unlike the Guam Economic Development Authority and the Guam Visitor's Bureau, GMH is an instrumentality of the Government of Guam, which unlike the former performs essential governmental functions. *Id.* at 3-5. Plaintiff argues that these distinguishing facts require that Guam's sovereign immunity extend to GMH. *Id.* In making its argument Plaintiff emphasizes that Section 6104 of the Government Claims Act in Title 5 of the Guam Code expressly states that the right to sue or be sued does not exempt GMH from complying with the act. *Id.* at 4-5. Lastly in responding to Defendants' first argument, Plaintiff, citing, *Perez v. Guam Housing & Urban Renewal Authority*, asserts that, "in order to sue the government or any agency thereof, autonomous or non-autonomous, the procedures of the Claims Act must be followed." *Id.* at 9; *Perez v. Guam Housing & Urban Renewal Authority*, 2000 Guam 33 (Sup. Ct. Guam 2000).

Plaintiff does not address Defendants' second argument but next argues that Guam's Organically vested sovereign immunity is, for all intents an purposes, the functional equivalent of Eleventh Amendment immunity. *Id.* at 9-10. Plaintiff reasons, "the fact that Congress may or may not abrogate a local jurisdiction's sovereign immunity for federal causes of action . . . simply does not mean that the specter of a federal lawsuit negates a local official's fiduciary duties," under Guam law. *Id.* at 10.

Prior to concluding its memorandum, Plaintiff addresses Defendants' arguments regarding the court's finding in footnotes 7 and 9. In support of it opposition to the argument Plaintiff emphasizes Defendants' failure to apply their assertion of error to any standard or cite any factual support for their assertion that they raised the argument at trial.

On August 13, 2009 Defendant Gutierrez filed a Reply Memorandum in response to Plaintiff's opposition. Reply at 1. In his reply Defendant argues that the District Court of Guam's opinions in *Island Equipment* and *Wood*, should be interpreted to extend beyond garnishment restrictions and the specific facts of those cases. *Id.* at 1-2; *Island Equipment*, 1998 Guam 7; *Wood v. Guam Power Authority*, 2000 Guam 18 (Sup. Ct. Guam 2000). Defendant re-emphasizes that the Guam Supreme Court's ruling in *Wood* requires reconsideration because of the Court's reliance on the issue of sovereign immunity. Defendant also re-emphasizes its allegation that the court's findings fell outside of the scope of the Plaintiffs complaint.

Rule 59 of the Guam Rules of Civil Procedure and Rule 7.1(i) of the Local Rules of the Superior Guam govern motions for reconsideration and motion for new trial. Guam R. Civ. P. 59 (2009); Super. Ct. Guam R. 7.1(i) (2009). Rule 59(a) provides,

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of Guam; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of Guam. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.
> (b) Time for Motion. Any motion for a new trial shall be filed no later than 10 days after entry of the judgment.
> (c) Time for Serving Affidavits. When a motion for new trial is based on affidavits, they shall be filed with the motion. The opposing party has 10 days after service to file opposing affidavits, but that period may be extended for up to 20 days, either by the court for good cause or by the parties' written stipulation. The court may permit reply affidavits.
> (d) On Court's Initiative; Notice; Specifying Grounds. No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial, for a reason not stated in the motion. When granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its

order.

(e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

Guam R. Civ. P. 59 (2009). Rule 7.1(i) of the Local Rules of the Guam Superior Court provides,

(i) Motion for Reconsideration. A motion for reconsideration of the decision on any motion may be made only in accordance with the Guam Rules of Civil Procedures. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Super. Ct. Guam R. 7.1(i) (2009).

Rule 7(b)(1) of the Guam rules of Civil Procedure and 7.1(c)governs the requirements of motions and memoranda filed in the Superior Court of Guam R. Civ. P. 7 (2009). Rule 7(b)(1) provides,

An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

Guam R. Civ P. 7(b)(1) (2009). Rule 7.1(c) provides,

There shall be served and filed with the motion: (1) a memorandum in support thereof containing the points and authorities upon which the moving party relies, including citations; and (2) any affidavits or declarations under penalty of perjury sufficient to support any material factual contentions permitted by the Guam Rules of Civil Procedure.

Super. Ct. Guam R. 7.1(i) (2009).[2]

In 2003 the Guam Supreme Court held that a party's failure to assert the grounds for its

---

[2] In this case the court has in two earlier orders denied the parties' requests for their non-compliance with this rule. *A.G. v. Gutierrez*, Civil Case No. 0166-03, *Decision and Order re: Motion for Summary Judgment*, (April 2009); *A.G. v. Gutierrez*, Civil Case No. 0166-03, *Decision and Order re: Motion for Judgment on the Pleadings* (April 2009).

request may warrant denial. *In re Estate of Concepcion*, 2003 Guam 12 (Sup. Ct. Guam 2003). In 2008 the Guam Supreme Court decided the matter of *Lamb v. Hoffman*, 2008 Guam 2, ¶¶ 34-36 (Sup. Ct. Guam 2008). In *Lamb*, the Court explained the burden of a moving party requesting rule 59 relief. *Id.* "In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law: It is not sufficient for a party "simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments . . . ." *Id.*

Like the movants in *Lamb*, the Defendants in this case fail to cite to any rule or standard supporting their requests. As the Guam Supreme Court explained in 2001,

> Rule 59(e) of the Guam Rules of Civil Procedure provides: "Motion to Alter or Amend Judgment. A motion to alter or amend judgment shall be served not later than 10 days after the entry of the judgment." Guam R. Civ. P. 59(e). The rule allows a court to reconsider and amend a previous order, but is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir., 2000) (citation omitted). A Rule 59(e) motion may be granted (1) if the movant demonstrates that it is necessary to prevent manifest errors of law or fact upon which the judgment is based; (2) to allow the moving party to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if there is an intervening change in controlling law. See Ward v. Reyes, 1998 Guam 1 at ¶ 10; see also 11 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (citations omitted); Kona Enterprises, 229 F.3d at 890. Motions made under Rule 59(e) are aimed at reconsideration, not initial consideration, and thus cannot be used to present a new legal theory, raise arguments for the first time, or present evidence for the first time when they could have reasonably been raised earlier. See Ward, 1998 Guam 1 at ¶ 13; F.D.I.C. v. World University Inc., 978 F.2d 10, 16 (1st Cir.1992); Kona Enterprises, 229 F.3d at 890. Further, Rule 59(e) motions are both "procedurally and substantively deficient" if they simply reiterate in greater detail arguments previously made before the court. Merchant, 1998 Guam 26 at ¶¶ 8-9. "Supplementing and further detailing previous arguments are not sufficient bases for reconsideration [under Rule 59(e) ]." Id. at ¶ 9.

*Guam Bar Ethics Committee v. Maquera*, 2001 Guam 20 ¶9 (Sup. Ct. Guam 2001). In their

motion for reconsideration Defendants do not explain or cite how their assertions of error justify reconsideration or new trial; whether they arise out of manifest error, new evidence, manifest injustice or an intervening change in controlling law. They do not identify when during the trial their arguments were raised or how they are currently timely placed before the court in their motion for reconsideration.[3] The parties do not cite how their motion, requesting the reconsideration of the courts findings is timely. Rule 59 motions to reconsider have been applied by the Supreme Court of Guam to interlocutory findings and orders, as well as final judgments. *Ward v. Reyes*, 1998 Guam 1, ¶2, (Guam Sup. Ct. 1998); *Maquera*, 2001 Guam 20 ¶9 (Sup. Ct. Guam 2001). Whether Defendants motion raised 22 days after the court entered its findings of fact is timely was not briefed or supported by Defendants. The Defendant's motion to reconsider identifies no errors in the judgment. Absent these necessities the court is unable to analyze or consider Defendants' requests. *Id.*

## CONCLUSION

For the reasons explained above the Defendants' joint Motion for Reconsideration or in the Alternative for New Trial is denied.

**SO ORDERED**, this September 25 ᵗʰ, 2009.



SEP 2 5 2009


Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam

Richard H. Benson
Judge *Pro Tempore*, Superior Court of Guam

[3] The court raises these concerns generally as to all of the assertions of error raised by the Defendants. However, specifically the Defendants assert that the court erred when it made findings which were outside of the scope of the allegations raised by the Plaintiff in the complaint. This issue was a pretrial issue which the court identified and addressed in Defendant Lujan's motion for Judgment on the Pleadings. *A.G. v. Gutierrez*, Civil Case No. 0166-03, *Decision and Order re: Motion for Judgment on the Pleadings*, at 4 (April 2009). Defendants current request that the court reconsider this issue seems untimely.